IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAWANDA BRONSON, Personal           05-CV-1657-SU
Representative of the Estate
of BRYSON ALLAN BRONSON, for      OPINION AND ORDER
the benefit of MAURICE BRONSON,
ALEXIS BRONSON, and CHEYENNE
BRONSON, surviving children of
the deceased,

                Plaintiff,

v.

RICHARD DEAN BURKE, an individual,
and JARED MEHARRY, an individual,

                Defendants.


THANE W. TIENSON
Landye Bennett Blumstein, LLP
3500 Wells Fargo Center
1300 SW Fifth Avenue, Suite 3500
Portland, OR 97201
(503) 224-4100

           Attorneys for Plaintiff


1  - OPINION AND ORDER

**BRUNO J. JAGELSKI**
Yturri Rose LLP
89 S.W. Third Avenue
P. O. Box "S"
Ontario, OR  97914-0058

    Attorneys for Defendant
    Richard Dean Burke

**DENNIS N. FREED**
**RYAN J. MCLELLAN**
Smith Freed & Eberhard, PC
1001 SW Fifth Avenue, Suite 1700
Portland, OR 97204
(503) 227-2424

    Attorneys for Defendant
    Jared Meharry


**BROWN, Judge.**

   This matter comes before the Court on Defendant Richard Dean Burke's Motion to Enforce Settlement Agreement (#33).  The Court heard argument on the Motion via telephone conference call on October 27, 2006.

   For the reasons that follow, the Court **GRANTS** the Motion and directs Plaintiff and her counsel to consummate the Settlement Agreement reached during a settlement conference with this Court on August 25, 2006.


<u>**BACKGROUND**</u>

   The facts are familiar to the parties, and, therefore, the Court need not detail them here except to note the following:

   1. On August 25, 2006, at the United States Courthouse in

2  - OPINION AND ORDER

Pendleton, Oregon, the Court conducted a settlement conference with the parties to this action and other persons involved in or otherwise making claims because of the two-vehicle, double-fatality, multi-injury, motor-vehicle collision that occurred on July 4, 2005, on the Umatilla Indian Reservation.  All persons participating were represented by counsel at the conference, and all available insurance proceeds were made available for purposes of the conference.

2.    The Court worked with the participants throughout the morning in party-to-party negotiations.  An issue in the negotiations was whether Defendant Richard Dean Burke had any personal assets that could be contributed to the insurance settlement funds that had been accumulated.  Although Defendant Burke previously owned a fractional interest in some form of Tribal property, he evidently had conveyed such interest to others after the accident and before the settlement conference. Plaintiff Estate of Bryson Allan Bronson contended such conveyance was fraudulent and argued it could be set aside to satisfy any future excess judgment.  Thus, Plaintiff continued to seek some contribution from Defendant Burke in addition to insurance proceeds.

3.    Defendant Burke, on the other hand, contended his former interests in Tribal property were legitimately transferred and, in any event, were Tribal assets beyond the scope of any

civil judgment resulting from the accident.

4.   Ultimately Defendant Burke and Plaintiff reached an
agreement that Burke would pay Plaintiff up to an additional
$10,000 if the Tribal Prosecutor dismissed pending DUII charges
against Burke, and, as a result, Burke would not be required to
expend these same funds to defend himself.

5.   When counsel informed the Court that their clients had
agreed to this conditional promise whereby Defendant Burke would
pay Plaintiff up to $10,000 in additional funds, the Court noted
that Oregon law did not permit plea bargaining for the dismissal
of DUII charges in state court and that none of the parties could
control the Tribal Prosecutor's exercise of any such discretion
even if such negotiation was permitted in Tribal Court.
Nonetheless, none of the participants nor their attorneys
requested a delay of the conclusion of the settlement conference
in order to confer personally with the Tribal Prosecutor about
this issue or otherwise to determine for themselves the legal
feasibility of a possible dismissal.

6.   The settlement conference concluded on the afternoon of
August 25, 2006, when all of the participants agreed to mutually
acceptable terms that would result in dismissal of this action
with prejudice and the mutual release of all claims arising from
the collision.  The terms of the Settlement Agreement were placed
on the record.  The Settlement Agreement included both the

4  - OPINION AND ORDER

unconditional promise by the participating insurers to pay
certain sums to resolve all claims against their insureds and the
conditional promise by Defendant Richard Dean Burke to pay an
additional $10,000 to the Estate of Bryson Allan Bronson.  The
Settlement Agreement also provided the Court would retain
jurisdiction over the settlement to bring an orderly conclusion
to these matters.

   7.    In particular, the parties agreed to the conditional
promise by Defendant Burke to pay Plaintiff an additional $10,000
as follows:

> In addition to the insurance company payments,
> Mr. Burke agrees to pay an additional $10,000 to
> the Bronson Estate conditioned upon dismissal of
> the [DUII criminal] charges filed against Mr. Burke by
> the Umatilla Tribe Tribal prosecutor.
>
> The beneficiaries of the Bronson Estate will cooperate
> in seeking the dismissal of those charges [against] Mr.
> Burke.
>
> If the charges are not dismissed, there will be no
> exchange of money from Mr. Burke to the Bronson Estate.
> However, the release of all claims will remain in full
> force, full effect and force.

   8.    When the Settlement Agreement was summarized for the
record, the Court noted the Tribal Prosecutor's exercise of
discretion was independent of the settlement proceedings and,
therefore, something neither the parties nor the Court could
control:

> With respect to the issue of the pending charge against
> Mr. Burke in Tribal Court, this Court, of course, can
> take no position regarding that private understanding.

>[The Court] note[s] that if the prosecution had been
>initiated under state law, there would not be any legal
>basis to negotiate the dismissal of a charged DUI.
>
>But apparently that rule does not extend to the Tribal
>Courts.  And so whatever exercise of sovereignty the
>Tribal prosecutor chooses to make is a decision
>independent of this proceeding.

Although the Court stated on the record that the rule against

such negotiation "apparently" did not apply to Tribal Court, the

Court was referring to the earlier off-the-record discussions

with the parties in which the Court had raised the state-law

prohibition.

9.    Sometime after the August 25, 2006, settlement

conference, Plaintiff's counsel approached the Tribal Prosecutor.

Based on the Prosecutor's reaction, Plaintiff's counsel concluded

a dismissal of the DUII charge was never a viable possibility,

and, therefore, the conditional promise by Defendant Burke to pay

an additional $10,000 was illusory.  Accordingly, Plaintiff and

her counsel have refused to conclude the settlement on the basis

that there was a material mistake of fact precluding a binding

settlement agreement.


## DISCUSSION

"It is well settled that a district court has the equitable

power to enforce summarily an agreement to settle a case pending

before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).

An agreement to settle a federal case is a contract governed by

6  – OPINION AND ORDER

applicable state law.  *Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375, 381 (1994).  Under Oregon law, a fundamental and
mutual mistake about a material fact may justify rescission of a
settlement agreement.  *Kleiner v. Randall*, 58 Or. App. 126, 131
(1982).

As noted, Plaintiff contends the parties were mistaken as to
the Tribal Prosecutor's authority to negotiate the DUII charges
against Defendant Burke because, according to Plaintiff, the
Prosecutor lacks such authority.  Although the Affidavit of
Plaintiff's counsel reflects the Prosecutor has said as much, the
Court notes the parties have not proffered any legal authority to
support that contention.  Thus, Plaintiff has not established
there was any actual mistake about the Prosecutor's legal
authority.

If the Prosecutor has such authority, Plaintiff clearly
assumed the risk at the time of the settlement that the
Prosecutor's exercise of discretion might be adverse to her
interest; *i.e.,* that the prosecutor might be unwilling to dismiss
the charge against Defendant Burke.

Plaintiff also assumed the risk that the Prosecutor might
not have the authority to consider dismissing the charge.  As
noted, the Court initially alerted the parties off the record
that plea bargaining a DUII charge was not permitted under state
law and, therefore, might be an issue affecting their conditional

7 – OPINION AND ORDER

agreement as to the additional $10,000.  Instead of asking for time to contact the Tribal Prosecutor or to investigate the legal basis for the Prosecutor's putative authority to dismiss the charge, Plaintiff and her counsel chose to rely on statements by Burke's personal counsel about that authority and, thus, to go forward and to announce their agreement to settle on the stated terms.

Plaintiff's after-the-fact arguments that Burke's counsel affirmatively misrepresented the Prosecutor's authority fail on their merits.  Because the scope of the Prosecutor's actual authority to consider dismissal of the DUII charge under these circumstances has not been established even now, Plaintiff has not shown any misrepresentation, inadvertent or otherwise, by opposing counsel.  Indeed, if the Trial Prosecutor dismissed the DUII charge at any point before Burke expends $10,000 in his defense, there remains the opportunity for Plaintiff to collect additional funds under the Settlement Agreement.  Even if Plaintiff could show a misrepresentation by Burke's counsel, however, there is not any evidence in this record to support the conclusion that Plaintiff had the right to rely on opposing counsel regarding such matters in these circumstances.  Thus, the Court concludes there is not any basis to deny Defendant Burke's Motion to enforce the Settlement Agreement.

8  - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant Burke's Motion to Enforce Settlement Agreement (#33) and directs Plaintiff and her counsel to consummate the Settlement Agreement reached during the settlement conference with this Court on August 25, 2006.

The Court also directs the parties to submit the required stipulated judgment of dismissal to the Court or to submit a joint status report to the Court explaining why they have not done so no later than November 13, 2006.  In the event Plaintiff refuses to sign the necessary settlement documents and dismissal judgment, Defendant Burke has leave to file the necessary motions to seek an Order requiring the Clerk of Court to sign the papers in Plaintiff's place.

IT IS SO ORDERED.

DATED this 31st day of October, 2006.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


9  - OPINION AND ORDER